IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 28, 2010 at Knoxville

## STATE OF TENNESSEE v. LANNY WAYNE WADDELL

**Appeal from the Circuit Court for Franklin County**
**No. 18257     J. Curtis Smith, Judge**

**No. M2010-00533-CCA-R3-CD - Filed November 8, 2010**

A Franklin County Circuit Court jury convicted the defendant, Lanny Wayne Waddell, of domestic assault, *see* T.C.A. § 39-13-111(b) (2006), and the trial court imposed a sentence of 11 months and 29 days. In this appeal, the defendant challenges the sufficiency of the convicting evidence. Finding the evidence sufficient, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLIN, JJ., joined.

Robert G. Morgan, Assistant District Public Defender, for the appellant, Lanny Wayne Waddell.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant's ex-wife, Jennifer Beckett, testified that on February 24, 2008, she and the defendant were at their home in Franklin County when they began to argue about something Ms. Beckett's son had said "maybe a week prior to that." As Ms. Beckett lay on the couch, the defendant "went to the utility room[] and grabbed the broom and the dustpan." The defendant then "came charging into the living room using foul language and . . . cussing [her] and . . . busting up the entire living room." She recalled that the defendant broke "everything on the table" and a "lamp that was right next to" her. She described what

happened next:

> [T]hen at that time I guess the dustpan was still hooked to the broom handle. That broke and he picked that up, and jabbed my neck and I just started holding my neck and then . . . I'm still on the couch crouched down trying to keep myself covered. Then he took the broom handle, he just gouged it in my stomach, nearly took my breath.

She said that she thought the defendant had cut her neck and that the blow to her abdomen caused her to visit a doctor on the following day.

Ms. Beckett testified that after the incident, she told the defendant that she was going to call the police and that "he tried to convince [her] not to." The defendant even tried to hide the telephones to prevent her from calling the police. "[W]hen he knew that the police officers were in route, he fled."

Both Ms. Beckett and the defendant had been drinking prior to their argument, which Ms. Beckett insisted related to her son. The defendant returned to their home a couple of days later, and the two continued to reside together for sometime following the offense. They were divorced in September 2008.

Franklin County Sheriff's Department Officer Adam Isbell responded to Ms. Beckett's 9-1-1 call on February 24, 2008. When he arrived at the residence, he found Ms. Beckett "crying, very upset" and the living room in disarray with "[a] lot of broken things" on the floor. Officer Isbell also found a broken broom and dustpan in the living room. Ms. Beckett, who smelled strongly of alcohol, "had a red mark on the side of her neck" that looked like "a scrape" and "a red mark" on her abdomen, and she reported that the defendant had stabbed her with the broom and dustpan.

Based upon the foregoing proof, the jury found the defendant guilty of the domestic assault of Ms. Beckett.

Following a sentencing hearing on November 16, 2009, the trial court imposed a sentence of 11 months and 29 days and ordered that the defendant would "not be eligible for any programs under the statute until he's served 75 percent of his time." The court further ordered that the defendant was free to petition the court for early release after service of 120 days if he could obtain anger management treatment.

In this appeal, the defendant challenges the sufficiency of the convicting

evidence, arguing that "the inconsistent and improbable statements made by the alleged victim" rendered the evidence insufficient to establish the elements of domestic assault. The State contends that the evidence was sufficient to support the defendant's conviction. We agree with the State.

We review the defendant's claim mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Winters*, 137 S.W.3d at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

Here, the defendant's ex-wife, Ms. Beckett, testified that while she and the defendant were still married and living together, the defendant stabbed her in the neck with a dustpan and in the stomach with a broom. She said that the injuries were painful and necessitated a doctor's visit. Officer Isbell confirmed that Ms. Beckett had "a scrape" on her neck and a red mark on her abdomen. This testimony sufficiently established that the defendant knowingly caused bodily injury to his wife. *See* T.C.A. § 39-13-101(a)(1) (2006) ("A person commits assault who . . . knowingly . . . causes bodily injury to another[.]"); *id*. § 39-13-111(a)(1) ("As used in this section, 'domestic abuse victim' means . . . [a]dults or minors who are current or former spouses[.]"), (b) ("A person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim."). Despite the defendant's urging, we will not reassess the credibility of Ms. Beckett. *See Cabbage*, 571 S.W.2d at 835.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE